UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE L. QUINTANA, Sr.,

                Plaintiff,

v.                                                                                          3:19-CV-1049
                                                                                            (DNH/ML)
CRAIG S. DuMOND, Delaware County
Sheriff's Office; JOHN PATRICK LOWE,
sued in his individual and official capacity;
and YVETTE TAYLOR, Bankruptcy Clerk
for the Western District of Texas,

                Defendants.
_____

APPEARANCES:                                                                OF COUNSEL:

JORGE L. QUINTANA, Sr.
  Plaintiff, *Pro Se*
23 Railroad Avenue
Stamford, New York 12167

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* filed by Jorge L. Quintana, Sr. ("Plaintiff") to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety without prejudice to commence an action in a court of competent jurisdiction.

I. **BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that his rights have been violated by an ongoing proceeding in Bankruptcy Court in the Western District of Texas, in which he declared Chapter 7 bankruptcy. (*See generally* Compl.)[2] More specifically, Plaintiff's allegations concern the sale of and his eviction from the property located at 23 Railroad Avenue, Stamford, New York (the "Property"), by the bankruptcy trustee. (*Id.* at 7-8.) Plaintiff names as defendants Craig S. DuMond, Sheriff in Delaware County; John Patrick Lowe, bankruptcy trustee; and Yvette Taylor, Clerk of the Court in the United States Bankruptcy Court for the Western District of Texas (collectively "Defendants"). (*See generally id.*)

Plaintiff alleges that on August 1, 2019, Defendant Taylor issued a writ of possession related to the Property, which was improper because she has "no authority to issue such wit [of attachment and/or possession] to any officer outside of the state of Texas, nor would any officer outside of the state have authority to execute such writ, even if directed to him." (*Id*. at 7 [language in brackets included in original].) In addition, Plaintiff alleges that on August 21, 2019, the Delaware County Sheriff's Department served a notice of eviction on him, but that Plaintiff's wife, Libertad Quintana, who is also a party to the Chapter 7 bankruptcy proceeding,

---

[1] The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 [2d Cir. 1994]).

[2] The Court notes that Plaintiff has filed nine lawsuits in this district. (*Quintana v. Coldwell Banker Timberland Prop.*, 19-CV-0644; *Quintana v. New York State Police*, 12-CV-1334; *Quintana v. Am. Gen. Home Equity, Inc.*, 04-CV-1210; *Quintana v. Hamilton*, 02-CV-0824; *Quintana v. Shields*, 02-CV-0653; *Quintana v. Halter*, 01-CV-0535; *Quintana v. Am. Modern Home Ins. Co.*, 98-CV-1350; *Quintana v. Robinson*, 95-CV-1457; *Quintana v. Sound Distrib. Corp.*, 94-CV-1305.) One of these prior lawsuits was also against, *inter alia*, Defendant Lowe and related to the ongoing proceeding in the United States Bankruptcy Court for the Western District of Texas. (*Quintana v. Coldwell Banker Timberland Prop.*, 19-CV-0644; Dkt. No. 19 at 3.)

is a resident of Texas and has not been personally served with the writ. (*Id.*) Moreover, Plaintiff alleges that on August 21, 2019, Defendant Lowe conspired with Chief United States Bankruptcy Judge Ronald B. King and requested that Plaintiff be held in federal custody until the sale of the Property. (*Id.* at 7-8.) Finally, Plaintiff alleges that the full market value of the Property is $81,081.00 but that Defendant Lowe will sell the Property for $45,000.00, which is $36,081.00 less than the fair market value. (*Id.* at 8.)

Plaintiff's claims are unclear though he appears to assert claims pursuant to New York Real Property Actions and Proceeding Law § 713(1) (*id.* at 9), due process clause of the Fourteenth Amendment (*id.* at 2, 9-10), 42 U.S.C. §§ 1982, 1983, and 1985 (*id.* at 2), New York common law (*id*. at 2), New York Eviction Law (*id.* at 9), discrimination (*id*. at 9), and fraudulent eviction (*id*. at 11). Plaintiff asserts the following two causes of action: (1) the orders of the United States Bankruptcy Court for the Western District of Texas have no force and effect in New York because the Western District of Texas lacks jurisdiction in New York; and (2) conspiracy to deprive Plaintiff of his rights and New York home in violation of 42 U.S.C. § 1985(3) and New York common law regarding eviction. (*See generally id.*)

For a more complete statement of Plaintiff's claims, refer to the Complaint. (Dkt. No. 1.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[3] After reviewing Plaintiff's *in*

---

[3]  The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit

3

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

"A court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction." *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)). "Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter." *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31,

---

that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4] Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction).

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

The Complaint in this case relates directly to ongoing bankruptcy proceedings pending in the United States Bankruptcy Court for the Western District of Texas. *In re Quintana*, No. 19-50029.[5] While the precise nature of the allegations in this action are not set forth with precision, Plaintiff clearly objects in this litigation to the sale of, and his removal from, the Property by Defendant Lowe on behalf of the estate. (Dkt. No. 1 at 1, 7-9.) The sale of the Property was requested by Defendant Lowe, the bankruptcy trustee, in part pursuant to 11 U.S.C. §§ 363(b), 363(f), and 704. (*In re Quintana*, No. 19-50029, Dkt. No. 203 at 1.) In addition, the removal of Plaintiff from the Property was requested by Defendant Lowe because Plaintiff allegedly (a)

---

[5]     The Court takes judicial notice of documents filed on the docket in the Bankruptcy Court for the Western District of Texas. *Rodriguez v. Goord*, 06-CV-1288, 2009 WL 3122951, at *2 (N.D.N.Y. Sept. 28, 2009) (Treece, M.J.).

prevented a surveyor hired by the buyer of the Property from completing the survey, (b) the Sheriff of Delaware County informed the Trustee that for the last ten years, Plaintiff has obtained a stay or order of some kind to defy writs executed by the Sheriff for possession of the Property, and (c) Plaintiff's wife left a voicemail with Mr. Kingman, the local lawyer for the Village of Stamford, New York, advising that Plaintiff threatened to hire someone to kill the Trustee if the Property is sold. (*In re Quintana*, No. 19-50029, Dkt. No. 362 at 1-2.) The Bankruptcy Court approved the sale of the Property (*In re Quintana*, No. 19-50029, Dkt. No. 246) and issued the Writ of Attachment to remove Plaintiff from the Property, transport him to the Western District of Texas, San Antonio Division, and hold him in federal custody until the sale of the Property is completed. (*In re Quintana*, No. 19-50029, Dkt. No. 391.)

Section 363 authorizes a trustee, "after notice and a hearing" to sell "property of the estate." 11 U.S.C. § 363(b). Pursuant to 28 U.S.C. 1334(e), the United States Bankruptcy Court for the Western District of Texas has exclusive jurisdiction: "(1) of all property, wherever located, of the debtor as of the commencement of the case, and of all property of the estate." *See also Quintana v. Coldwell Banker Timberland Prop.*, 19-CV-0644, 2019 WL 3797766, at *2 (N.D.N.Y. Aug. 13, 2019) (Sannes, J., adopting Report-Recommendation on *de novo* review) (holding that Plaintiff's assertion that "his claims are subject to the 'exclusive jurisdiction in the Northern District of New York' and the Bankruptcy Court 'lacks constitutional authority'" to be "entirely without merit.").

As a result, given that Plaintiff's allegations in the Complaint relate directly to his assertion that the sale and his removal from the Property to affect the sale are improper, it is clear that the claims raised here are subject to exclusive jurisdiction in the Western District of Texas. 28 U.S.C. § 1334(e).

In addition, to the extent that Plaintiff is seeking a review of the orders and decrees of United States Bankruptcy Court for the Western District of Texas, this Court lacks jurisdiction to do so. 28 U.S.C. § 158(a) ("The district courts of the United States have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."); *see In re Motors Liquidation Co.*, 428 B.R. 43, 51 (S.D.N.Y. 2010) ("The approval of a sale of assets under section 363 of the Bankruptcy Code is generally reviewed for abuse of discretion" on appeal).

The Complaint, therefore, should be dismissed for lack of jurisdiction.[6]

## V. SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed Plaintiff's IFP application, I find that he meets the requirements for IFP status, and therefore grant his motion for leave to proceed without prepayment of fees. Turning to the merits of Plaintiff's Complaint, I recommend that Plaintiff's Complaint be dismissed in its entirety with leave to commence an action in a court of competent jurisdiction.

---

[6] The Court also notes that even if there was jurisdiction to hear Plaintiff's claims, Defendant DuMond, as sheriff, Defendant Taylor as trustee, and Defendant Taylor, as Clerk of the Court, are entitled to absolute quasi-judicial immunity because based on Plaintiff's allegations, they were performing tasks "which are judicial in nature and an integral part of the judicial process." *Coonv. Merola*, 19-CV-0394, 2019 WL 1981416, at *3 (N.D.N.Y. Apr. 8, 2019) (Baxter, M.J.) (citations omitted); *see Lawal v. Fowler,* 196 F. App'x 765 (11th Cir. 2006) (county sheriff who executed a facially valid temporary restraining order entitled to immunity); *Pikulin v. Gonzalez,* 07-CV-0412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"); *Wilkinson v. Russell,* 973 F. Supp. 437, 440-41 (D. Vt. 1997) (holding that "persons [including sheriffs] who faithfully execute valid court orders are absolutely immune from liability for damages in actions challenging conduct authorized by the order."); *Weissman v. Hassett*, 47 B.R. 462, 466 (S.D.N.Y. 1985) (collecting cases) (holding that trustees "acting as officers of the court to conserve the bankrupt estate's assets are immune from suit.").

**WHEREFORE**, based on the findings above, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice to Plaintiff's right to commence an action in a court of competent jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[7]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[8] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 23, 2019
  Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[7] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[8] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).